# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Settlement Agreement") is made this 5th day of August, 2020, between Plaintiff DAS Architects Inc. ("DAS"), with a principal place of business located at 1628 JFK Blvd., Philadelphia, Pennsylvania 19103 and Defendants Chris Rahn ("Rahn") and Christine Pasieka ("Pasieka") (collectively, "Defendants"), with a principal residence located at 1601 Third Avenue, 33A, New York, New York 10128.

## RECITALS

**WHEREAS**, DAS and Rahn entered into three individual written agreements (collectively, the "Agreements") pursuant to which DAS was to provide architectural services for Rahn related to the design and construction of the following projects:

1. A seven-story, 100,000 square foot mixed use office and residential apartment building located at 4240 – 4256 Chestnut Street;

2. Two separate student housing apartment buildings located at 3820 Baring Street and 3827-29 Pearl Street; and

3. A new mixed-use retail and residential project spanning 75,000 square feet at the corner of Cecil B. Moore Avenue and 11th Street.

Hereinafter the projects listed above will be collectively referred to as the "Projects";

**WHEREAS**, in furtherance of those Projects, DAS entered into written contracts with Barry Isett & Associates, Inc. ("Isett") and Maser Consulting P.A. ("Maser") pursuant to which those companies were to provide engineering support for the design of the Projects. Hereinafter, DAS, Isett and Maser will be collectively referred to as the "Design Team";

**WHEREAS**, Rahn abandoned the Projects without paying the Design Team what it was owed;

**WHEREAS**, DAS instituted a lawsuit in the United States District Court for the Eastern District of Pennsylvania captioned as Case No: 01-19-0004-2382 (the "Lawsuit") seeking payment from Rahn and Pasieka for professional services provided for the Projects; and,

**WHEREAS,** after negotiations and a settlement conference with the Honorable Judge Elizabeth T. Hey on July 23, 2020, DAS and Defendants (collectively, the "Parties") have reached an agreement to fully and finally settle all claims set forth in the Lawsuit as set forth herein.

## COVENANTS

**IN CONSIDERATION** of the mutual promises contained herein, and for other good and valuable consideration, and intending to be legally bound hereby, the Parties hereto agree to settle all claims that the Parties have asserted, could have asserted or could assert at any time in the future related in any manner to the Agreements and/or Projects as follows:

1. Defendants agree to pay DAS a total of Three Hundred Thousand dollars ($300,000) to be paid in three separate installments of $100,000 in accordance with the following schedule:

| Amount Required to Be Paid by Defendants to DAS | Payment Must Be Received by DAS On or Before |
|---|---|
| $100,000 | September 1, 2020 |
| $100,000 | October 1, 2020 |
| $100,000 | November 1, 2020 |
| **TOTAL** | **$300,000** |

Payment by Defendants to DAS shall be made by wire transfer by 11:59 p.m. on the date listed above. The wire transfer information is as follows:

| | |
|---|---|
| ABA Number | 036002247 |
| Beneficiary Bank Name | Republic Bank<br>50 South 16th Street<br>Philadelphia, PA 19102 |
| DAS Account Number | 1166972 |
| Bank Routing Number | 036002247 |

2. In the event that Defendants breach any of the payment obligations set forth in Paragraph 1, and Plaintiff is required to enlist the assistance of the Court to obtain compliance, Defendants acknowledge that Plaintiff shall petition the Court to award all reasonable costs and expenses, including attorney's fees, for any efforts or actions undertaken to obtain compliance.

3. For the consideration described herein, the delivery, receipt and sufficiency of which is acknowledged, the Defendants and all of their past, present and future assigns, executors, administrators, trustees, parent companies, subsidiary companies, brother and sister companies, predecessor companies, successor companies (by merger or otherwise), consultants, subconsultants, and for each of them their agents, associates, partners, board of directors, board members, members, officers, employees and successors (by merger or otherwise), remise, release and discharge the Design Team, their insurer and every other person and entity of and from all actions, claims, demands, costs, expenses and damages of all kinds, causes of action and suits at law, in equity or otherwise, of any kind or nature, in tort (including strict liability and negligence), contract, or otherwise, known or unknown, past, present and future, that were asserted in the Litigation or are related to or arise out of the Projects and the services the Design Team provided for the Projects.

4.	Upon DAS' receipt from Defendants of payment in full as referenced in Paragraph 1 above, DAS remises, releases and discharges the Defendants, their insurer and every other person and entity of and from all actions, claims, demands, costs, expenses and damages of all kinds, causes of action and suits at law, in equity or otherwise, of any kind or nature, in tort (including strict liability and negligence), contract, or otherwise, known or unknown, past, present and future, that are related to or arise out of the Projects and the services the Design Team provided for the Projects.

5.	Defendants acknowledge that the designs, plans, specifications, renderings and other information provided by the Design Team to Defendants for the Projects are instruments of the Design Team's services ("Instruments of Service"). The Instruments of Service are owned and copyrighted by the Design Team and protected under federal copyright laws. Defendants acknowledge that they do not own the Instruments of Service and do not have a license to use the Instruments of Service for any purpose whatsoever, and that doing so would be a violation of Federal copyright law.

6.	Each Party represents and warrants that it knows of no other person or entity that has or had any interest in the claims, demands, rights, obligations, causes of action, verdicts or judgments referred to in this Agreement, and that it has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement.

7.	The Parties agree and acknowledge that nothing contained in this Settlement Agreement shall constitute an admission of any fact, the recognition of the application of any legal principle, or the acknowledgement of any duty, liability, breach, discriminatory conduct or practice, or other violation of any law or legal obligation whatsoever by any party. This Settlement

Agreement is a result of a compromise and a desire to avoid litigation expenses, and nothing in this Settlement Agreement is intended or shall be construed as an admission of liability by any Party in connection with the claims raised by any other Party. Except by a Party to this Settlement Agreement to enforce the terms hereof, this Settlement Agreement shall not be admissible into evidence in any action or proceeding.

8. By signing below, the Parties acknowledge that they have been afforded adequate time to seek legal advice and have sought and received such legal advice as deemed appropriate, and that they have entered into and agreed to the terms herein voluntarily, under no coercion or duress and of their own free will. By signing this Settlement Agreement, the Parties acknowledge that they have read and fully understand the terms and consequences of this Settlement Agreement, and covenant that approving this instrument has been undertaken in a proper, lawful manner, and the signatories hereto are properly authorized to so act, either for themselves or for the entities for which they are acting.

9. The Parties agree and acknowledge that no representation, promise, or inducement has been made other than as set forth in this Settlement Agreement and that the Parties do not enter into this Settlement Agreement in reliance upon any representation, promise, or inducement not set forth herein. This Settlement Agreement supersedes all prior negotiations and understandings of any kind with respect to the subject matter hereof. This Settlement Agreement constitutes the entire agreement of the parties with respect to the matters referred to herein. Any representation, promise, or condition, whether written, oral or implied, not specifically incorporated herein shall be of no binding effect upon the Parties.

10. The Parties agree and understand that no modification, termination or waiver of any provision of this Settlement Agreement shall be effective unless it is in writing and signed by all

Parties hereto. No failure to exercise and no delay in exercising any right, remedy, or power under this Settlement Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, or power under this Settlement Agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy, or power provided herein or by law or in equity. No waiver of any term, condition or default of any term of this Settlement Agreement shall be construed as a waiver of any other term, condition or default.

11. This Settlement Agreement shall be governed by and interpreted under the laws of the Commonwealth of Pennsylvania. Any dispute related to or arising from this Agreement shall be resolved in the United States District Court for the Eastern District of Pennsylvania.

12. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which shall constitute together one and the same Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties have hereunto set their hands and seals the day and year aforesaid.

| **PLAINTIFF** | **DEFENDANTS** |
|---|---|
| DAS Architects, Inc. | Christopher Rahn |
| By: *[signature]* | By: _____ |
| Name: DAVID A. SCHULTZ | Name: _____ |
| Date: 8·6·20 | Date: _____ |
| | Christine Pasieka |
| | By: _____ |
| | Name: _____ |
| | Date: _____ |

Parties hereto. No failure to exercise and no delay in exercising any right, remedy, or power under this Settlement Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, or power under this Settlement Agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy, or power provided herein or by law or in equity. No waiver of any term, condition or default of any term of this Settlement Agreement shall be construed as a waiver of any other term, condition or default.

11. This Settlement Agreement shall be governed by and interpreted under the laws of the Commonwealth of Pennsylvania. Any dispute related to or arising from this Agreement shall be resolved in the United States District Court for the Eastern District of Pennsylvania.

12. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which shall constitute together one and the same Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties have hereunto set their hands and seals the day and year aforesaid.

| **PLAINTIFF** | **DEFENDANTS** |
|---|---|
| DAS Architects, Inc. | Christopher Rahn |
| By: _____ | By: _[signature]_ |
| Name: _____ | Name: Chris Rah~ |
| Date: _____ | Date: 8-10-20 |
| | Christine Pasieka |
| | By: _[signature]_ |
| | Name: Christine Pasieka |
| | Date: 8/10/2020 |